**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000293
18-APR-2024
07:49 AM
Dkt. 84 SO**

NO. CAAP-23-0000293

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEWITT LONG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC121001613)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Dewitt Long (**Long**) appeals from the February 14, 2023 Judgment of Conviction and Sentence Notice of Entry (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawai'i (**State**) charged Long via the October 25, 2012 Indictment (**Indictment**) with three counts of Sexual Assault in the First Degree under Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (2014), four counts of Sexual Assault in the Third Degree under HRS § 707-732(1)(b) (2014), one count of Kidnapping under HRS § 707-720(1)(d) (2014), one separate count of Sexual Assault in the First Degree under HRS § 707-730(1)(c), and two separate counts of Sexual Assault in the

---

[1]     The Honorable Paul B.K. Wong presided.

Third Degree under HRS § 707-732(1)(c), for a total of 11 counts. Long was convicted on December 11, 2015, of one count of Sexual Assault in the First Degree (**Count 1**), one count of Sexual Assault in the Third Degree (**Count 3**), one count of Kidnapping (**Count 8**), a separate count of Sexual Assault in the First Degree (**Count 9**), and two separate counts of Sexual Assault in the Third Degree (**Counts 10-11**).[2]

In 2015, Long was sentenced to life imprisonment with a possibility of parole in Counts 1 and 8, 10 years in Count 3, 20 years in Count 9, and five years in each of Counts 10 and 11, with credit for time served. The Circuit Court ordered Long to serve his sentence for Count 8 consecutive to the sentences for Counts 1, 3, and 9-11.

Long appealed (**2016 Appeal**). In CAAP-16-0000014, this court affirmed Long's conviction, but with respect to the consecutive sentencing, we concluded that:

> [T]he sentencing court "should explain its rationale for each consecutive sentence in order to inform the defendant and appellate courts of the specific factors underlying each sentence." State v. Barrios, 139 Hawaiʻi 321, 337, 389 P.3d 916, 932 (2016). While the Circuit Court specifically stated that it decided upon Long's sentence after consideration of statutory factors, mitigating factors and the testimony presented at trial, and identified the victims' ages, multiple counts, extensive criminal history, and failure to benefit from previous court supervision, the Circuit Court also made and emphasized findings relating to the fact that there were two separate victims in two separate incidents involved in these offenses. Counts 1, 3, and 8 related to K.C. Counts 9, 10, and 11 related to N.T. The Circuit Court, however, denied the State's motion to make the sentences in Counts 1, 3, and 8 consecutive to sentences in Counts 9, 10, and 11. Thus, the fact that the offenses involved two separate victims in two separate incidents does not appear to support making the sentence in Count 8 consecutive to the sentences in Counts 1 and 3. Therefore, there is no clear rationale for the imposition of consecutive sentences in this case. See, Barrios, 139 Hawaiʻi at 337, 389 P.3d at 932 ("the sentencing court

---

[2]    The Honorable Edward H. Kubo, Jr., presided.

> should specify that basis or identify another basis for determining how many consecutive sentences to impose").
> . . . .
> Therefore, we vacate the December 11, 2015 Judgment of Conviction and Sentence in CAAP-16-0000014 to the extent it imposes consecutive sentences and remand for resentencing before another judge.

State v. Long, CAAP-16-0000014, 2018 WL 332982, *4 (Haw. App. Jan. 9, 2018) (SDO).

On remand, the Circuit Court sentenced Long to indeterminate life terms of imprisonment in Counts 1 and 8, an indeterminate term of 10 years in Count 3, an indeterminate term of incarceration of 20 years in Count 9, and indeterminate terms of five years for Counts 10 and 11. The Circuit Court ordered Long to serve Counts 1, 3, and 8 concurrently with each other, to serve Counts 9-11 concurrently with each other, and to serve Counts 1, 3, and 8 consecutive to Counts 9-11.

Long raises two points of error on appeal, contending that the Circuit Court erred when it: (1) denied Long's Motion to Dismiss filed on March 3, 2021; and (2) sentenced Long to extended terms of imprisonment as to Counts 1, 3, and 8[3] and granted the State's Motion for Consecutive Sentencing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Long's points of error as follows:

(1) Long argues that the Circuit Court violated his rights under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 and his constitutional right to a speedy trial.

---

[3] Long makes no argument in support of a challenge to his extended sentences.

Long first raised his speedy trial arguments in a 2014 Motion to Dismiss Counts I-VIII for Violation of HRPP Rule 48 (**2014 Motion to Dismiss**). The Circuit Court denied the motion at a May 13, 2014 pretrial hearing. However, in the 2016 Appeal, Long did not argue, or raise as a point of error, that the Circuit Court erred in denying the 2014 Motion to Dismiss. As noted above, Long's conviction was affirmed and only the consecutive sentences were vacated. We conclude that the Circuit Court did not err in concluding that Long's 2021 motion was untimely. In light of Long's failure to raise his speedy trial arguments in the direct appeal from his conviction, we conclude that the issue is waived. <u>See</u>, <u>e.g.</u>, <u>Waikiki v. State</u>, CAAP-19-0000625, 2022 WL 1015717, *2 (Haw. App. April 5, 2022) (SDO).

(2) Long argues that the Circuit Court erred in resentencing him to consecutive terms because this court's decision in the 2016 Appeal "was essentially a remand with instructions that the remand-judge should resentence [Long] to a non-consecutive sentence only." This argument is without merit.

As stated in the 2016 Appeal, Counts 1, 3, and 8 related to one minor victim, and Counts 9, 10, and 11 related to another minor victim in a separate incident. The fact that the offenses involved two victims in two separate incidents did not support making the sentence in Count 8 (life) consecutive to the sentence in Counts 1 (life) and 3 (10 years) because all three of those counts involved one victim. Thus, this court concluded that there was no clear rationale for the 2015 consecutive

4

sentencing. We did not hold that consecutive sentence could not be imposed on remand, even if warranted.

Long further argues that it was an "absurdity" for the Circuit Court to resentence Long to serve his sentences related to the second victim consecutive to his sentences related to the first victim, particularly since the original sentencing judge did not do so. This argument is unsupported by any authority and is without merit. The Circuit Court specified that the consecutive sentencing on remand was based on, *inter alia*, the nature and characteristics of the defendant and the heinous individual and collective nature of the sexual assault of two different children here (making a total of three convictions for child sexual assault). The court also based the consecutive sentencing on the need for deterrence of future conduct and the need to protect the public from a serial child molester. Unlike in the original sentencing, here there was a clear rationale for the imposition of consecutive sentences. As noted by the Circuit Court, the new consecutive sentence did not enlarge the prior sentence imposed in 2015. We conclude that the Circuit Court did not abuse its discretion in resentencing Long.

For these reasons, the Circuit Court's February 14, 2023 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, April 18, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Brian Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge